UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOLOMON LIPSHUTZ and JEWELTEX
MANUFACTURING INC. RETIREMENT
PLAN,

                     Plaintiffs,

      v.

ELLEN M. COSTELLO, GRACE E. DAILEY,
BARBARA J. DESOER, JOHN C. DUGAN,
JANE S. FRASER, DUNCAN P. HENNES,
PETER BLAIR HENRY, S. LESLIE IRELAND,
RENEE J. JAMES, GARY M. REINER, DIANA
L. TAYLOR, JAMES S. TURLEY, and
CITIGROUP INC.,

                    Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-4547 (RPK) (TAM)

RACHEL P. KOVNER, United States District Judge:

      This is a shareholder derivative action brought by plaintiffs Solomon Lipshutz and

Jeweltex Manufacturing Inc. Retirement Plan on behalf of Citigroup Inc., a nominal defendant,

against certain Citigroup directors and officers (the "individual defendants").  Defendants move to

transfer this action to the Southern District of New York so that it can be litigated along with two

consolidated actions involving the same underlying facts.  For the reasons explained below, the

motion is granted.

## BACKGROUND

      The Court assumes familiarity with the facts of this case.  In short, plaintiffs are Citigroup

shareholders.  Compl. ¶ 14 (Dkt. #1).  They principally allege that the individual defendants

breached their fiduciary duties to Citigroup and its shareholders by failing to adequately implement

internal controls, risk management systems, and data governance practices, resulting in, among

other things, Citigroup being fined "billions of dollars" and mistakenly making a $900 million

1

payment to Revlon creditors.  *Id*. at ¶¶ 3, 5–6, 56–60, 128–30, 188.  Plaintiffs also allege that the individual defendants caused Citigroup to make materially misleading statements and omissions regarding its oversight and risk management practices in its annual proxy statements between 2018 and 2021.  *Id*. at ¶¶ 146–62, 214–18.  In February 2021, plaintiffs sent a litigation demand to Citigroup's board of directors, which refused to initiate litigation after a demand review committee concluded "that no litigation was justified."  *Id*. at ¶¶ 10, 178–79, 185.  Plaintiffs then filed this derivative action, bringing claims for (i) violating Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a); (ii) breach of fiduciary duty; (iii) gross mismanagement; (iv) unjust enrichment; and (v) indemnification.  Compl. ¶¶ 214–38.

Several related actions have been filed in the Southern District of New York.  Specifically, three securities class actions were filed and consolidated before Judge Preska, *see In re Citigroup Inc. Sec. Litig.*, No. 20-CV-9132 (LAP) (S.D.N.Y.), as were four derivative actions, *see In re Citigroup Inc. Shareholder Deriv. Litig.*, No. 20-CV-9438 (LAP) (S.D.N.Y.).  The plaintiffs in the consolidated securities class action allege that Citigroup and several of its officers and directors made or caused Citigroup to make materially misleading statements and omissions concerning Citigroup's risk management systems and internal controls.  *See* Decl. of Sharon L. Nelles, Ex. 1 ¶¶ 575–86 ("Consol. Secs. Compl.") (Dkt. #17-2).  And the plaintiffs in the consolidated derivative action allege—as do the plaintiffs here—that certain Citigroup directors and officers failed to adequately oversee Citigroup's risk management systems and internal controls, and that those defendants caused Citigroup to issue materially misleading proxy statements between 2018 and 2020.  *See* Decl. of Sharon L. Nelles, Ex. 2 ¶¶ 441–58, 470–76 ("Consol. Derivative Compl.") (Dkt. #17-3).  Each case concerns substantially the same regulatory actions, and every defendant named in this action is also named as a defendant in the consolidated derivative action, *see* Mot.

to Change Venue, App'x A, C (Dkt. #18).  However, the plaintiffs in the consolidated derivative action did not make a litigation demand upon Citigroup's board of directors.  Consol. Derivative Compl. ¶ 358.

In February 2021, the consolidated derivative action was stayed pending resolution of a motion to dismiss in the consolidated securities class action.  *See* Order 1, No. 20-CV-9438 (Dkt. #51).  Judge Preska granted that motion in a 64-page order on March 24, 2023.  *See* Opinion & Order, No. 20-CV-9132 (Dkt. #139).  Plaintiffs were given until May 24, 2023 to file a motion for leave to amend the complaint, *see* Order Granting Letter Mot. for Ext. of Time, No. 20-CV-9132 (Dkt. #141), and the parties in the consolidated derivative action agreed to a stay "until resolution of the plaintiffs' motion for leave to amend in the Securities Action and, if leave is granted, any subsequent motion to dismiss," Joint Letter, No. 20-CV-9438 (Dkt. #59).

Meanwhile, in December 2022, defendants moved to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  *See* Mot. to Change Venue.

## DISCUSSION

The motion to transfer is granted.  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In deciding whether to transfer a case under Section 1404(a), a district court "should consider 'inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'"  *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)).  "Courts also frequently consider: '(8) the

forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.'" *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21-CV-10529 (AT), 2023 WL 35028, at *2 (S.D.N.Y. Jan. 4, 2023) (citation omitted). "[T]he party requesting transfer carries the 'burden of making out a strong case for transfer,'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (citation omitted), but "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis," *Blair*, 462 F.3d at 106.

"As a preliminary matter, where a party is requesting a transfer between the Eastern and Southern Districts of New York, most courts ordinarily find," and I agree, "that due to the close proximity of the courts in each district, the following factors are relatively neutral with regard to transfer: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) cost of obtaining the presence of witnesses; (5) relative ease of access to sources of proof; (6) calendar congestion; or (7) where the events in issue took place." *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 449 (E.D.N.Y. 2011) (collecting cases). "Thus, the two principle issues this Court must resolve in ruling on the Defendant[s'] motion are" (1) "how to weigh the interest of justice," and (2) "how much deference to give the Plaintiff's choice of forum." *Id*. at 449–50; *see Stein v. Immelt*, No. 09-CV-808 (RNC), 2010 WL 598925, at *2 (D. Conn. Feb. 18, 2010) ("The key factors in this case are the weight to be given the plaintiff's choice of forum, judicial efficiency and the interests of justice.").

The interests of justice weigh heavily in favor of transfer. "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v.*

*Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968).  Accordingly, "courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative."  *Delta Air Lines, Inc. v. Assoc. of Flight Attendants, CWA*, 720 F. Supp. 2d 213, 219 (E.D.N.Y. 2010) (quoting *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004)); *see Goggins v. All. Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003) ("The single most significant circumstance favoring transfer in this action is the existence of the related actions in New Jersey.").

Here, there is significant overlap between this action and the two consolidated actions before Judge Preska in the Southern District.  The cases all relate to Citigroup's internal controls, risk management systems, and data governance practices across substantially the same period, and each action concerns similar statements and omissions.  Moreover, this action closely mirrors the consolidated derivative action.  Each defendant in this action is also a defendant in the consolidated action, and the two cases share nearly the same claims premised on the same conduct.  *See* Mot. to Change Venue, App'x A–C; *compare* Compl. ¶¶ 16–29, 214–38, *with* Consol. Derivative Compl. ¶¶ 214–38, 441–76.  Indeed, plaintiffs have not challenged defendants' assertion that "[s]hould the cases survive a motion to dismiss . . . the cases will be *identical*," Mot. to Change Venue 12 (emphasis in original).

Plaintiffs' counterargument is not persuasive.  Plaintiffs contend that the interests of justice do not favor transfer because the cases involve different "threshold issues."  Pls.' Resp. to Mot. to Transfer 9 (Dkt. #18); *see ibid.* (arguing that because plaintiffs made an unsuccessful demand upon Citigroup's board of directors, the "issues in these various actions are entirely distinct and without overlap").  While plaintiffs are correct that "[d]emand-made-and-refused and demand-futile cases are subject to a different legal analysis," *Feuer v. Zuckerberg*, No. 2019-324-JRS, 2021 WL

4552160, at *4 (Del. Ch. Nov. 8, 2021) (citation omitted), "[t]he interests of justice require that the cases be related, not identical," *Mfrs. Hanover Tr. Co. v. Palmer Corp.*, 798 F. Supp. 161, 167 (S.D.N.Y. 1992). Courts in this circuit have found that that the interests of justice weigh in favor of transfer despite much more significant differences than the one presented here. *See, e.g.*, *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (concluding that the interests of justice and judicial economy weighed in favor of transfer even though "there are significant differences between the consolidated securities class action pending" in the Southern District "and this ERISA action."). And in any event, a motion to dismiss would likely raise additional issues that do not implicate the board's refused demand, such as whether Citigroup's proxy statements contained materially misleading statements or omissions. Accordingly, transferring this action will reduce the likelihood of inconsistent verdicts, avoid duplicitous litigation, and facilitate efficient discovery.

As to plaintiffs' choice of forum, this factor favors plaintiffs only slightly. A plaintiff's choice of forum is ordinarily entitled to "great weight," *Blair*, 462 F.3d at 107, but "[i]n a derivative action, . . . the weight given plaintiff's choice of forum is weakened considerably," *Scheinbart v. Certain-Teed Prods. Corp.*, 367 F. Supp. 707, 711 (S.D.N.Y. 1973). After all, "in a derivative action . . . the plaintiff is only one of many potential plaintiffs with equal show of right, and the real party in interest is the issuer of securities on whose behalf the plaintiff brings suit." *Nosirrah Mgmt.*, 2023 WL 35028, at *3; *see Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524–25 (1947). Plaintiffs argue their choice of forum in this particular derivative action nevertheless deserves significant weight because no other shareholders have made a litigation demand. *See* Pls.' Resp. to Mot. to Change Venue 6–7. But even if plaintiffs are the only parties who could bring this particular suit, their "role . . . is not quite the same as that of a wronged

individual, the traditional plaintiff whose choice of forum is given great weight," *IBJ Schroder Bank & Tr. Co. v. Mellon Bank, N.A.*, 730 F. Supp. 1278, 1282 (S.D.N.Y. 1990), because Citigroup is the real party in interest.  In any event, because the interests of justice strongly favor transfer as explained above, I would transfer this case even if plaintiff's choice of forum were given substantial weight.

Finally, I find unpersuasive plaintiffs' argument that "special circumstances" counsel against transfer.  Pls.' Resp. to Mot. to Change Venue 10–12.  Even if plaintiffs are correct that they "are entitled to discovery as to the [Demand Review Committee's] investigation and recommendation, and the Board's decision to refuse Plaintiffs' demand," *id*. at 10, the record contains no indication that plaintiffs would be hindered in conducting that discovery in the Southern District rather than the Eastern District.

## CONCLUSION

The motion to transfer is granted.  The Clerk of Court is respectfully directed to electronically transfer this action to the Southern District of New York.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: April 25, 2023
      Brooklyn, New York